IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NIAH SPRIGGS; NAJIYYAH CRAYTON; and RIVERSIDE GARDENS CEMETERY, LLC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case Number CIV-10-1150-C |
| FIRST AMERICAN TITLE & TRUST COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

By Order dated January 5, 2011, the Court ordered Plaintiffs to show cause why this action should not be held in abeyance pending disposition of a similar case filed in Oklahoma County District Court. Plaintiffs filed a timely response and the Court finds that good cause has been shown. Accordingly, the Court will address the pending Motion to Dismiss.

In 2003, Plaintiff Niah Spriggs and her mother, Trina Tahir, purchased real property in Oklahoma with the intent of developing a cemetery. As part of the real property purchase, Plaintiff Spriggs and her mother obtained title insurance from Defendant. Plaintiff Spriggs and her mother are the only named insureds on the insurance policy.[1] Plaintiff Riverside Gardens is an Oklahoma limited liability company. Plaintiffs Spriggs and her sister, Najiyyah Crayton, are the sole members of Plaintiff Riverside. On December 24, 2004,

---

[1] Because Plaintiffs cite the insurance policy and attach it to their Complaint, the Court may reference that document without converting the present motion to a summary judgment motion. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008).

Plaintiff Spriggs conveyed all her interest in the real property to her mother via quit claim deed. On August 8, 2005, Plaintiff Spriggs' mother conveyed all her interest in the real property to Plaintiff Riverside via quit claim deed.[2] In 2008, Plaintiffs learned that by virtue of a 1952 condemnation action, the City of Oklahoma City owned part of the real property. Plaintiffs then looked to Defendant for assistance pursuant to the terms of the title policy. Defendant denied that request and this action followed.

Plaintiffs filed the present action raising claims of breach of contract, negligence, and breach of fiduciary duty. Arguing that Plaintiffs Spriggs and Crayton lack standing as they have no ownership in the real property and that Plaintiff Riverside cannot sue because it is not a named insured, Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts that its request for dismissal does not challenge the facts alleged by Plaintiffs but whether those facts create a claim for relief as a matter of law.

Plaintiff Crayton concedes that her claims are subject to dismissal under Defendant's arguments and asserts that the claims brought in her name will be withdrawn. Because Defendant has not yet filed an Answer, Plaintiff Crayton may voluntarily dismiss her claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff Crayton shall file a dismissal within five days of the date of this Order.[3]

---

[2] Because the quit claim deeds are matters of public record, the Court may take notice of them without converting the present motion to a summary judgment motion. Pace, 519 F.3d at 1072.

[3] From this point forward, where the Court uses the term Plaintiffs in this Order, that term refers only to Riverside and Spriggs.

Plaintiffs argue they have standing to sue for negligence because Defendant owed them a duty which was breached by the failure to identify the condemnation action. In support of their position, Plaintiffs direct the Court to decisions in several other states as well as an Oklahoma Court of Civil Appeals decision which holds that a title insurance company may be held liable for negligence to known parties that are not insureds or beneficiaries of the policy.

Although the law is not as clear as Plaintiffs argue, there is some support in other states for the proposition that a known party who is not an insured of a title policy may bring a negligence action against the title insurance company if the insurer was aware that the third-party was relying on the actions of the insurer. Here, Plaintiffs allege that Defendant was aware of the intent to convey the property to Riverside for purposes of establishing and operating a cemetery on the property. Thus, a question of fact exists regarding Defendant's knowledge which could give rise to a negligence claim. However, because any negligence which occurred harmed only Plaintiff Riverside, Plaintiff Spriggs' negligence claims will be dismissed.

Defendant next argues that Plaintiffs' claims for breach of contract of the insurance policy must fail as the terms of the policy extinguish coverage upon conveyance of the property. Plaintiffs argue that they did not receive copies of the provisions on which Defendant relies and therefore those terms cannot be applied against them. According to Plaintiffs, even if the terms are applied, they are still entitled to coverage because they were a known beneficiary of the contract for insurance.

The Court agrees that for now, Plaintiff Riverside is entitled to pursue its claim for coverage under the policy. The affidavit of Plaintiff Spriggs avers that she was not provided copies of the terms of the policy now relied upon by Defendant. Thus, questions of fact remain on whether those terms can be imposed on anyone. Even if imposed, the terms relied on by Defendant may not bar Plaintiff Riverside's claim. As noted above, Plaintiff Riverside claims that Defendant was aware of the plan to establish a cemetery on the land. The extent to which Defendant was aware of the intent to convey the property to Plaintiff Riverside and whether Riverside should be considered a known intended beneficiary of the insurance policy remain as questions of fact.

Finally, there is the question of whether or not Plaintiff Spriggs retains a right to make a claim under the policy. As Defendant notes, under Oklahoma law, a member of an LLC holds no interest in specific property of the limited liability company. See 18 Okla. Stat. § 2032. Plaintiff Spriggs argues this does not matter as Oklahoma law disfavors extinguishing her interest in an insurance policy. Plaintiff Spriggs also argues that her interest should not be extinguished because Defendant did not disclose to her that her interest would terminate if she conveyed the property via quit claim deed as opposed to warranty deed.

The Court is not persuaded by Plaintiff Spriggs' arguments. First, the Oklahoma case law on which she relies to establish the existence of an insurable interest is inapplicable. While Plaintiff Spriggs may suffer some harm if the policy is found not to provide coverage, that harm will occur solely by virtue of her membership in the LLC. Because she forfeited

4

any and all interest in the property upon issuance of the quit claim deed, Plaintiff Spriggs no longer has an insurable interest in the property. Plaintiff Spriggs has offered no authority imposing an obligation on Defendant to disclose the consequences of any future disposition of the property. Therefore, Plaintiff Spriggs cannot rely on that claimed breach as creating an insurable interest.

As set forth more fully herein, the Motion of First American Title & Trust Company to Dismiss Complaint (Dkt. No. 8) is GRANTED in part and DENIED in part. As Plaintiff Crayton has agreed to withdraw her claims, she shall file a notice of dismissal within five days of the date of this Order. Because Plaintiff Spriggs no longer retains an interest that can be addressed by the claims herein, her claims are DISMISSED with prejudice. Plaintiff Riverside's claims remain pending.

IT IS SO ORDERED this 15th day of February, 2011.

ROBIN J. CAUTHRON
United States District Judge